JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 15-335-MWF(SPx)**                              Date:  **March 3, 2015**

Title:     SGA Partners, LP -v- Cathy Williams, et al.

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Cheryl Wynn | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                    None Present

PROCEEDINGS (IN CHAMBERS):  ORDER REMANDING ACTION TO STATE COURT

   Plaintiff SGA Partners, LP (hereinafter "SGA"), initiated this action by filing a Complaint for Unlawful Detainer against Defendant Cathy Williams in San Bernardino County Superior Court.  (Docket No. 1).  On February 25, 2015, Defendant filed a Notice of Removal to remove the action to this Court pursuant to 28 U.S.C. §1452 and Federal Rule of Bankruptcy Procedure 9027.  (Docket No. 1).

   Defendant fails to adequately establish that this Court has jurisdiction over this matter.  This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

   A party may remove any claim to the district court where the civil action is pending if the district court has jurisdiction under section 1334.  28 U.S.C. §1452(a).   Section 1334(b) states that ". . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  *Id.*  The Notice asserts jurisdiction of such claim under § 1334(b) on the basis that this action is a core proceeding to a bankruptcy case within this District.  (Notice of Removal at 3).

   However, Defendant does not provide any information as to this purported bankruptcy case, such as a case number.  This Court took it upon itself to run a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 15-335-MWF(SPx)**                              Date:  **March 3, 2015**

Title:       SGA Partners, LP -*v*- Cathy Williams, et al.

search of this District's bankruptcy docket and found two recent bankruptcy cases related to Defendant.  The first was filed on December 1, 2014, but was dismissed on December 19, 2014, because of Defendant's failure to file any of the required documents under Federal Rules of Bankruptcy Procedure 1007 or 3015(b) to maintain her bankruptcy petition within the required time period.  (Case No. 6:14-BK-24470-SC (Docket No. 7)).  The second, filed on January 7, 2015, was dismissed on January 27, 2015 for the same reasons. (Case No. 6:15-BK-10117-SC (Docket No. 8)).  It is clear to this Court that Defendant does not have a bankruptcy case to which this action may be related, and has attempted to manufacture jurisdiction on that basis in order to delay resolution of the Unlawful Detainer Action.

      Accordingly, the Court determines it lacks jurisdiction to hear this action and **REMANDS** the action to the Superior Court of the State of California for the County of San Bernardino. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

      Ms. Williams:  If you again remove a related matter to this Court, you need to file a Notice of Related Case.  Failure to do so will result in sanctions.  If you again file a frivolous removal, it will result in sanctions.  You are warned.

      IT IS SO ORDERED.